IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
ATLANTIC CASUALTY INSURANCE )
COMPANY,                    )
                            )
     Plaintiff,             )
                            )        CIVIL ACTION NO.
     v.                     )          3:12cv617-MHT
                            )             (WO)
L & L SOCIAL CLUB, INC.,    )
d/b/a L & L Social Club,    )
et al.,                     )
                            )
     Defendants.            )
```

OPINION AND ORDER

The allegations of the plaintiff's complaint are insufficient to invoke this court's jurisdiction under 28 U.S.C. § 1332.  To invoke jurisdiction based on diversity, a complaint must distinctly and affirmatively allege each party's citizenship.  <u>McGovern v. American Airlines, Inc.</u>, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).[*]  28 U.S.C. § 1332(c) provides that a corporation shall be deemed a citizen, first, of all States by which

---

[*] In <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

it has been incorporated and, second, of the State where it has its principal place of business. To invoke jurisdiction based on diversity in a case in which a corporation is a party, it is thus necessary to allege distinctly and affirmatively all the States by which the corporation has been incorporated <u>and</u> the State in which the corporation has its principal place of business. <u>American Motorists Ins. Co. v. American Employers' Ins. Co.</u>, 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam). The plaintiff's complaint fails to allege sufficiently the citizenship of corporate defendant L & L Social Club, Inc.

The complaint is also insufficient because it does not indicate the citizenship of plaintiff Atlantic Casualty Insurance Company. If the entity is a corporation, then the complaint must allege, as stated, the citizenship of both the State of incorporation <u>and</u> where the corporation has its principal place of business. If the entity is a partnership, the complaint

2

must indicate the citizenship of the individual partners, both general and limited.  <u>Carden v. Arkoma Associates</u>, 494 U.S. 185 (1990).  If the entity is an unincorporated association, the complaint must indicate the citizenship of each and every one of its members.  <u>Xaros v. U.S. Fidelity and Guar. Co.</u>, 820 F.2d 1176, 1181 (11th Cir. 1987).  If the entity is a limited liability company, the complaint must allege "[t]he citizenships of all members of the limited liability company." <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1022 (11 Cir. 2004). (And if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until February 19, 2013, to amend the complaint to allege jurisdiction

sufficiently, <u>see</u> 28 U.S.C. § 1653; otherwise this lawsuit shall be dismissed without prejudice.

DONE, this the 6th day of February, 2013.

                               <u>/s/ Myron H. Thompson</u>
                               **UNITED STATES DISTRICT JUDGE**