IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, )<br>)<br>   Plaintiff, )<br>)<br>   v. )<br>)<br>L & L SOCIAL CLUB, INC., )<br>d/b/a L & L Social Club, )<br>et al., )<br>)<br>   Defendants. ) | CIVIL ACTION NO.<br>3:12cv617-MHT<br>(WO) |

OPINION

Plaintiff Atlantic Casualty Insurance Company brought this lawsuit seeking declaratory judgment against defendants L & L Social Club, Inc., Lillian Peterson, and Vickie Doss (individually and as administrator of the estate of James Arthur Doss).  The jurisdiction of the court has been invoked pursuant to 28 U.S.C. § 1332 (diversity).  Default judgment has already been entered against L & L Social Club.  Atlantic now moves for summary judgment against Doss and Peterson.  Based on the

parties' submissions (the last of which was filed this morning), the motion will be granted in part.

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The court must view the admissible evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

This federal case concerns a state-court civil lawsuit for damages arising from a shooting at L & L Social Club.  Doss, in her capacity as administrator of the estate of her son James Arthur Doss and individually,

filed suit against L & L Social Club, Inc., in state court alleging that her son was shot and killed while on the club's premises.  In this federal suit, Atlantic asserts that it has no duty to defend and indemnify L & L Social Club, because the underlying conduct falls within the policy's exclusions.  The insurance company brought this declaratory-judgment action seeking a determination of whether it has a duty to defend and indemnify the club against Doss's claims.

Doss and Peterson do not contest, for now, that Atlantic has no duty to defend L & L Social Club in light of one or more of the applicable policy exclusions, including damages stemming from a murder on the premises; damages for bodily injury related to liquor liability; damages resulting from the use of a firearm; and damages resulting from the failure of the insured to prevent injuries by a firearm.  Atlantic is therefore entitled to summary judgment in its favor and against Doss and Peterson on Atlantic's duty to defend.

3

However, the court agrees with Doss that Atlantic's request for a declaration that it has no duty to <u>indemnify</u> L & L Social Club against an adverse judgment in Doss's state-court lawsuit is not appropriate for resolution on the merits (as opposed to judgment by default, which has been entered against L & L Social Club). <u>Auto-Owners Ins. Co. v. Toole</u>, 947 F. Supp. 1557, 1565-66 (M.D. Ala. 1996) (Thompson, J.); <u>Guaranty Nat. Ins. Co. v. Beeline Stores, Inc.</u>, 945 F. Supp. 1510, 1514-15 (M.D. Ala. 1996) (Thompson, J.).  It is still possible for the Doss to change the nature of the allegations against L & L Social Club and allege a theory of liability that is covered under the policy. Moreover, the club could prevail in its defense against Doss's suit, making the duty-to-indemnify claim moot, in which case "[t]he time and effort the court and the parties would have put toward resolving the issue would be wasted." <u>Beeline Stores</u>, 945 F. Supp. at 1515. It thus appears that "the issue of indemnification is not

4

sufficiently ripe to present a 'case' or 'controversy' and that, if there were, the court would still, in the exercise of its discretion, decline to provide declaratory relief." Id.

Summary judgment will therefore be denied to Atlantic on the insurance company's request for a declaration on the merits against Doss and Peterson that it has no duty to indemnify L & L Social Club. Nevertheless, because it appears that Atlantic's indemnification claim against Doss and Peterson on the merits is premature, the claim will be dismissed without prejudice.

An appropriate judgment will be entered.

DONE, this the 16th day of September, 2013.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE