IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
ATLANTIC CASUALTY INSURANCE )
COMPANY,                    )
                            )
    Plaintiff,              )
                            )   CIVIL ACTION NO.
    v.                      )     3:12cv617-MHT
                            )         (WO)
L & L SOCIAL CLUB, INC.,    )
d/b/a L & L Social Club,    )
et al.,                     )
                            )
    Defendants.             )
```

## JUDGMENT

In accordance with the opinion issued on this date, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) As to defendants Lillian Peterson and Vickie Doss (individually and as administrator of the estate of James Arthur Doss), plaintiff Atlantic Casualty Insurance Company's motion for summary judgment (doc. no. 26) is granted as to its duty to defend.

(2) Judgment is entered in favor of plaintiff Atlantic Casualty Insurance Company and against

defendants Lillian Peterson and Vickie Doss (individually and as administrator of the estate of James Arthur Doss) as to the insurance company's duty to defend.

(3) As to defendants Lillian Peterson and Vickie Doss (individually and as administrator of the estate of James Arthur Doss), it is the DECLARATION of this court that plaintiff Atlantic Casualty Insurance Company does not have a duty to defend defendant L & L Social Club, Inc. under plaintiff Atlantic Casualty Insurance Company's insurance policy, No. L024002449, for the May 28, 2011, incident referred to in plaintiff Atlantic Casualty Insurance Company's complaint in this case.

(4) As to defendants Lillian Peterson and Vickie Doss (individually and as administrator of the estate of James Arthur Doss), plaintiff Atlantic Casualty Insurance Company's motion for summary judgment (doc. no. 26) is denied as to its duty to indemnify.

(5) As to defendants Lillian Peterson and Vickie Doss (individually and as administrator of the estate of James

Arthur Doss), plaintiff Atlantic Casualty Insurance Company's duty-to-indemnify claim is dismissed without prejudice as premature.

The clerk of this court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

This case is closed.

DONE, this the 16th day of September, 2013.

                                  /s/ Myron H. Thompson
                            UNITED STATES DISTRICT JUDGE